IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JOSEPH R. HUNTER, JR.,** | CASE NO. 3:21 CV 2247 |
| Plaintiff, | JUDGE JAMES R. KNEPP II |
| v. | |
| **WARDEN HAROLD MAY, et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Joseph R. Hunter, Jr., an inmate in the Toledo Correctional Institution ("TCI"), filed this civil rights action under 42 U.S.C. § 1983 against TCI Warden Harold May, TCI Deputy Warden of Operations Mr. Watters, TCI Major Brown, TCI Captain John Doe, TCI Unit Manager Ms. Abbott. TCI Unit Management Chief Mr. Robinson, TCI Correctional Officer D. Koran, and TCI Correctional Officer T. Hayes. Plaintiff alleges he was attacked by another inmate while housed in the A-1 East Extended Restrictive Housing Unit. He asserts Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment. He further asserts state law claims for dereliction of duty and negligence. He seeks monetary damages and injunctive relief.

### BACKGROUND

Plaintiff contends he was housed in the A-1 East Extended Restrictive Housing Unit at TCI on May 8, 2021. (Doc. 1, at 3). He describes this unit as housing inmates who pose the greatest threats to security. *Id*. He contends Officer Hayes unlocked the cell door of inmate John

Doe so Doe could perform janitorial work. *Id*. Hayes and Koran then came to Plaintiff's cell, placed him in handcuffs, and escorted him to the J-Pay machine. *Id*. After Plaintiff used the machine, Koran informed Plaintiff he would have to wear leg shackles as well as handcuffs on the trip back to his cell. *Id*. After the officers attached the leg shackles, Doe appeared and stabbed Plaintiff multiple times with a shank. *Id*. Plaintiff states he required 40 stitches to close the wounds and has permanent scarring. *Id*. He asserts Defendants were deliberately indifferent to his safety by knowingly allowing inmates to clean while officers escorted other inmates secured in shackles and handcuffs. *Id*. at 4. He claims Defendants Warden May, Deputy Warden of Operations Watters, Major Brown, Shift Captain John Doe, Unit Manager Abbott, and Unit Management Administrator Robinson have created a policy or custom of breaching safety protocols and failed to address ten previous inmate assaults in the Extended Restrictive Housing Unit. *Id*. at 3-4. He asserts claims under the Eighth Amendment as well as state tort law claims of dereliction of duty and negligence. *Id*. at 4. He seeks compensatory and punitive damages and injunctive relief to prevent retaliation for filing this lawsuit. *Id*.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## DISCUSSION

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v.*

*McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel", *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats but does not address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, Plaintiff has not pled facts to suggest that the subjective component of the Eighth Amendment has been satisfied against any of the named Defendants. The subjective component of an Eighth Amendment claim requires a showing that prison officials knew of, and

4

acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837).

Plaintiff contends Koran and Hayes opened the cell of John Doe so Doe could perform janitorial duties. (Doc. 1, at 3). Plaintiff does not indicate these Defendants had any reason to suspect Doe held animosity toward Plaintiff or that Plaintiff belonged to a specific identifiable group of prisoners for whom risk of assault is a serious problem. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Marsh v. Arn*, 937 F.2d 1056, 1061 (6th Cir. 1991). Plaintiff simply does not allege enough facts to suggest Koran and Hayes's actions rose to the level of a constitutional violation.

Plaintiff alleges Warden May, Deputy Warden of Operations Watters, Major Brown, Shift Captain Doe, Unit Manager Abbott, and Unit Management Administrator Robinson are liable for Eighth Amendment violations because they knowingly breached safety protocols by failing to adequately address inmate assaults in the A-1 East Extended Restrictive Housing Unit. (Doc. 1, at 3-4). Plaintiff provides no additional information concerning this statement. To hold each of these Defendants individually liable under the Eighth Amendment, he must allege facts that demonstrate each of them was personally involved in the events surrounding his assault. He does not do so. He also does not allege these Defendants had any reason to believe the John Doe

inmate had any animosity or posed a substantial risk of harm to the Plaintiff. He thus also fails to state a claim for relief against them.[1]

Finally, Plaintiff asserts claims for negligence and dereliction of duty. (Doc. 1, at 4). These claims arise, if at all, under state tort law. State employees are immune from civil liability under Ohio law for injuries caused in the performance of the employee's duties "unless the . . . employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless . . . the . . . employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev. Code § 9.86. The Ohio Court of Claims, however, has the "exclusive, original jurisdiction to determine, initially, whether the . . . employee is entitled to personal immunity under section 9.86 . . ." Ohio Rev. Code § 2743.02(F). Federal courts, including this Court, therefore cannot exercise supplemental jurisdiction over state law claims against a state employee in his or her individual capacity until the Ohio Court of Claims determines that the employee is not entitled to immunity under Ohio Revised Code § 9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). Accordingly, unless and until the Ohio Court of Claims decides that Defendants may not invoke immunity from civil liability conferred by Ohio Revised Code § 9.86, this Court has no jurisdiction to consider the state law claims asserted against them.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that this action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. §1915(e); and the Court

---

1. Based on the language of the complaint, it appears Plaintiff may also be attempting to allege a § 1983 claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, for the same reasons Plaintiff's individual capacity claims fail, any potential *Monell* claims fail as well.

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

        s/ *James R. Knepp II*
        UNITED STATES DISTRICT JUDGE